IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. McKRAY, *et al.*, | No. C 08-4079 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| CALIFORNIA SUPREME COURT, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss the complaint is scheduled for a hearing on December 19, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. The Court also VACATES the case management conference scheduled for December 19, 2008. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss the complaint.

**BACKGROUND**

On August 26, 2008, plaintiffs George McKray and Anthony Lamperti filed this lawsuit against the California Supreme Court and the California Court of Appeal, First Appellate District, Division Five. The complaint states that Mr. McKray is an attorney, and that Mr. Lamperti "was a consumer representative in a non-monetary class action." Complaint ¶¶ 1-2. The complaint states that plaintiffs "adapted this complaint based in part on *Hild v. California Supreme Court et al.*, (U.S. District Court (San Francisco) No. 07-5107 THE)), now being briefed on 'selective prospectivity' in the United States

Court of Appeals for the Ninth Circuit." *Id*. ¶ 7.[1]

In this case, "plaintiffs challenge a California appellate court's actions in three related cases, designated as *Lamperti I*, *II* and *III*, as a system of selective prospectivity deemed unconstitutional by the U.S. Supreme Court . . . ." *Id*. ¶ 7. The complaint alleges the following about the underlying state court actions: On April 9, 2003, plaintiff Lamperti, acting as his deceased parents' successor trustee, attempted to access their safe deposit box in a branch of the U.S. Bank National Association by presenting the safe deposit box key, the death certificates of his parents, his driver's license, and the trust instrument. *Id*. ¶ 8. The U.S. Bank official denied Lamperti access to his parents' safe deposit box because Lamperti did not have letters testamentary or a court order. *Id*. ¶ 9. On September 26, 2003, Lamperti, represented by McKray, filed a class action in state court alleging that U.S. Bank was in violation of the California Probate Code because the California Safe Deposit Box Access Act, Cal. Probate Code § 331, does not require that a successor trustee have a court order in order to access a deceased trustor's safe deposit box. *Id*. ¶ 13 ("*Lamperti I*"). In November 2003, the state court dismissed *Lamperti I*, and in August 2004 the California Court of Appeal affirmed in an unpublished opinion. *Id*. ¶¶ 15-17, Ex. 1 (California Court of Appeal decision). In September 2004, the Court of Appeal denied Lamperti's request that the decision be published. *Id*. ¶ 19, Ex. 2. In November 2004, the California Supreme Court denied Lamperti's petition for review. *Id*. ¶ 20.

In August 2005, Lamperti, again represented by McKray, "filed a second complaint based upon different facts and law. The second complaint was a similar class action for violation of California Safe Deposit Box Access Act in form as Lamperti I." *Id*. ¶ 23 ("*Lamperti II*"). The state court dismissed

---

[1] In *Hild*, the plaintiff had won a state court jury trial, and the California Court of Appeal reversed the jury's award in an unpublished opinion. *See generally Hild v. California Supreme Court*, No. C 07-5107, 2008 WL 544469 (N.D. Cal., Feb. 26, 2008). The California Supreme Court denied review. In federal court, the *Hild* plaintiff claimed that California Rule of Court 8.1115(a), which prohibits citation to opinions of the California Court of Appeal or superior court appellate division which are not certified for publication or ordered published, means that unpublished opinions will not create a conflict with published decisions, thereby depriving litigants of the main ground for Supreme Court review. Judge Henderson granted the defendants' motion to dismiss without leave to amend, rejecting the plaintiff's theory that the non-citation rule creates prohibited "selective prospectivity." To the extent that the plaintiff claimed that the non-citation rule denies litigants the ability to qualify for review, Judge Henderson found that the plaintiff lacked standing, and that even if the plaintiff had standing, his claims failed on the merits. Finally, Judge Henderson held that to the extent the plaintiff claimed that the California Court of Appeal intentionally issued an unpublished opinion in the state court case in order to avoid review, that claim was barred by the *Rooker-Feldman* doctrine.

2

*Lamperti II* as barred by res judicata based on *Lamperti I*. *Id*. ¶ 24. The California Court of Appeal affirmed, and also imposed sanctions against Lamperti's attorney, McKray, for filing a frivolous appeal. *Id*. ¶ 29, Ex. 4. In a sixteen page decision, the Court of Appeal reviewed the allegations and disposition of *Lamperti I*, noted that in *Lamperti I* the Court of Appeal "ruled [that] Lamperti's first cause of action under section 331 failed not only due to his misunderstanding of the law, but also because his factual allegations were insufficient even if his view of the law were correct," *id*. Ex. 4 at 9, and that *Lamperti II* was barred by res judicata because, *inter alia*, "the allegations of the complaint are essentially identical to those in *Lamperti I*." *Id*. Ex. 4 at 10. The Court of Appeal concluded,

> In the final analysis, the unpublished opinion affirming the trial court's decision in *Lamperti I* was based on the law as well as the shortcomings of his pleadings. He has not established any exception to the res judicata doctrine, and indeed, this is precisely the type of case that cries out for its application. Lamperti's attempt to manufacture a class action lawsuit and relitigate baseless claims – using the same allegations – is barred by res judicata, and the trial court did not err in sustaining the demurrer to his complaint without leave to amend.

*Id*. Ex. 4 at 15.[2] The California Court of Appeal sanctioned McKray $11,125 in attorneys' fees in connection with the appeal, finding that "any reasonable attorney would agree that the appeal is totally and completely without merit." *Id*. Ex. 4 at 16. Lamperti requested publication of *Lamperti II*, and that request was denied. *Id*. ¶ 30, Ex. 6. In November 2006, the California Supreme Court denied review. *Id*. ¶ 31. The complaint alleges that "[t]he *Lamperti II* opinion did not resolve questions of law" with regard to statutory definitions contained in the Probate Code. *Id*. ¶ 28, Ex. 3 & 5 (copies of California Probate Code).

The complaint states that in January 2007, "respondents filed defendant's memorandum of costs on appeal, and on May 1, 2007, the San Mateo trial court denied plaintiff's motion to strike defendant's memorandum of costs because the trial court lacked jurisdiction to overturn the ruling of the appellate court." *Id*. ¶ 32. Lamperti then filed an appeal on constitutional grounds regarding the sanctions against McKray, and in July 2007, the Court of Appeal dismissed the appeal. *Id*. ¶¶ 33-34. In September 2007,

---

[2] The Court of Appeal also noted that U.S. Bank and the judgment in *Lamperti I* left Lamperti with options for obtaining the contents of his parents' safe deposit box, but that "[i]nstead, he chose to go back to the Bank and demand access in the same manner that had already been adjudicated to be insufficient – apparently so he could file another class action in some severely misguided hope that he might obtain a more favorable result from another court based on the same material facts." *Id*. Ex. 4 at 10.

3

plaintiff petitioned the California Supreme Court for review on "[w]hether the appellate panel was acting beyond its jurisdiction in failing to apply statutory definitions contained in [the] Probate Code . . . ." *Id*. ¶ 35. The California Supreme Court denied review. *Id*. ¶ 36.

*Lamperti III* is a malicious prosecution action filed in October 2005 by Lamperti and his wife against U.S. Bank and other defendants. *Id*. ¶ 43, Ex. 7. *Lamperti III* alleged that after U.S. Bank prevailed in *Lamperti I*, U.S. Bank sought its attorneys' fees against Lamperti based upon an attorneys' fees provision in the safe deposit box contract. *Id.* ¶ 40, Ex. 7. In *Lamperti I*, the trial court[3] denied U.S. Bank's motion for attorneys' fees, finding that Lamperti had not alleged contract claims in that case. *Id*. ¶ 42. *Lamperti III* alleged that by seeking their attorneys' fees in *Lamperti I*, U.S. Bank and other related defendants had engaged in malicious prosecution. *Id*. ¶ 43, Ex. 7. In February 2006, the state court in *Lamperti III* granted the defendants' motion to strike the complaint pursuant to the anti-SLAPP statute, and granted an award of attorneys' fees against the Lampertis. *Id*. ¶ 45. In November 2006, the California Court of Appeal affirmed, and in February 2007, the California Supreme Court denied a petition for review. *Id*. ¶¶ 46-47, Ex. 8. On remand for determination of the amount of attorneys' fees, the trial court entered an award of $40,821.23 against the Lampertis and McKray, jointly and severally. *Id*. ¶ 48. As with the sanctions order in *Lamperti II*, the Lampertis appealed the attorneys' fees order. *Id*. ¶ 49. The Court of Appeal dismissed the appeal, and the California Supreme Court denied review. *Id*. ¶¶ 50-52.

The instant complaint alleges three claims for declaratory judgment. The first claim is alleged against the California Court of Appeal, and challenges that court's August 31, 2004 and August 10, 2006 orders. The complaint alleges that by issuing these decisions as "unpublished," the Court of Appeal engaged in prohibited "selective prospectivity." *Id.* ¶ 53. The complaint alleges that the "injury" is the imposition of sanctions against McKray, and that the "sanctions against plaintiff's attorney can be redressed by applying the relevant statutory definitions withheld from the unpublished opinions." *Id*. ¶ 53(c). The complaint then contains several pages of legal argument regarding the

---

[3] Plaintiff objected to and removed the original trial court judge "on the grounds that a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." *Id*. ¶ 41.

4

"relevant statutory definitions," and alleges that Lamperti "can be wronged again" because,

> Plaintiff Lamperti's mother's jewelry, worth approximately $5,000 are the only items not accounted in his deceased parents' estate. Lamperti believes the jewelry may be in his deceased parents' locked up safe deposit box. Lamperti and his attorney could file a third complaint for declaratory relief based upon said statutory definitions to enforce said act to obtain access to Lamperti's deceased parents' safe deposit box. However Lamperti's attorney fears that he will again experience court costs, time, and further loss of professional reputation by having imposed upon him the second sanctions in his legal career of more than forty years.

*Id*. ¶ 53(d). The complaint seeks a declaratory judgment that the unpublished August 10, 2006 opinion of the California Court of Appeal "was and is a product of an unconstitutional system of 'selective prospectivity,' . . . and that, pursuant to 28 U.S.C. § 2202, that the cause ordered remanded to a new and different division of the California Court of Appeal, First Appellate District, for consideration *de novo* based upon the findings and judgment of this Court." *Id*. ¶ 53(e)(9).

The second claim for declaratory judgment is similar. The second claim, also alleged against the California Court of Appeal, challenges the dismissal of Lamperti's malicious prosecution complaint and the award of attorneys' fees in *Lamperti III*, and alleges that "attorneys' fees against plaintiff can be redressed by applying the American rule withheld from the unpublished opinion." *Id*. ¶ 55(c). The complaint contains several pages of legal argument regarding why *Lamperti III* was incorrectly decided, and seeks "remand[] to a new and different division of the California Court of Appeal, First Appellate District, for consideration *de novo* based upon the findings and judgment of this Court." *Id*. ¶ 55(e)(9). The third claim for declaratory judgment is alleged against the California Supreme Court, and seeks a declaration that California Rule of Court 8.1115 is unconstitutional.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.

5

*See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants have moved to dismiss the complaint on numerous grounds. First, defendants contend that under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review the decisions of state courts. Defendants contend that the gravamen of plaintiffs' complaint is that *Lamperti I*, *II*, and *III* were incorrectly decided, and that the relief plaintiffs seek – "remand[] to a new and different division of the California Court of Appeal, First Appellate District, for consideration *de novo* based upon the findings and judgment of this Court" – is beyond the purview of this Court.

Plaintiffs' opposition confirms that they wish this Court to review the state court decisions.[4] As in the complaint, plaintiffs' opposition repeatedly argues the merits of *Lamperti I*, *II*, and *III*. *See*, *e.g.*, Plaintiffs' Opposition at 2 ("California Probate Code §§ 58 and 13006(a) and the American Rule were cited numerous times in plaintiffs' briefs that were ignored by the California Court of Appeal."); at 9 ("All the courts involved in the Lamperti litigation did not review Section 331(d)(3) by the standard rules of statutory interpretation."); at 13 ("The appellate court did not decide whether U.S. Bank had made a threshold showing that the challenged cause of action (motion for attorneys' fees) is one arising from protected activity."). Plaintiffs reiterate their belief that "[r]edressability can be obtained by these matters reheard with the relevant statutory definitions, California Probate Code §§ 58 and 13006(a), by

---

[4] To the extent plaintiffs frame their claim as a constitutional challenge to Rule 8.111, the Court addresses that claim *infra*.

another division in the California Court of Appeal, First District." *Id*. at 9.

The Court concludes that to the extent plaintiffs seek review of these state court decisions, this Court lacks jurisdiction to do so. Federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). This is so even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), cert. denied, 516 U.S. 1009 (1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). This doctrine is referred to as the *Rooker-Feldman* doctrine. Relatedly, this Court does not have the authority to grant the relief plaintiffs seek, namely a "remand" to a different panel of the California Court of Appeal.

To the extent that plaintiffs challenge California Rule of Court Rule 8.115(a) as permitting "selective prospectivity," the Court finds that plaintiffs have failed to state a claim. Rule 8111.5(a) provides that an opinion of a California Court of Appeal of superior court appellate division that is not certified for publication must not be cited or relied on by a court or a party in any other action. Cal. Rule of Court 8.1115(a). Plaintiffs allege that Rule 8.1115(a) has allowed the California Court of Appeal to "expressly overr[i]de California statute and judicial stare decisis in numerous particulars, and created a system of 'selective prospectivity' by adopting dramatically new rules of law (which profoundly conflicted with established constitutional, statutory and common law of California) which it purposefully applied only to Plaintiff's case for a single one-time, result-oriented purpose, returning to standing California statutes and precedent for every other case arising on the same facts . . . ." Complaint ¶ 53(e)(5).

The Court agrees with the reasoning of Judge Henderson in *Hild v. California Supreme Court*,

7

in which he dismissed a virtually identical claim without leave to amend.[5] Judge Henderson noted that the California Court of Appeal considered and rejected the "selective prospectivity" argument in *Schmier v. Supreme Court of California*, 78 Cal. App. 4th 703 (2000). *Hild*, 2008 WL 544469, at *3. In *Schmier*, the California Court of Appeal affirmed the dismissal of a claim that the predecessor versions of California's publication and citation rules violated constitutional rights to due process and equal protection. The *Schmier* court held that California's rules

> . . . protect against selective prospectivity by providing a uniform and reasonable procedure to assure that actual changes to existing precedential decisions are applicable to all litigants. They require that all opinions of the state's highest court be published. (Rule 976(a).) They establish comprehensive standards for determining publication of Court of Appeal cases, particularly specifying that an opinion announcing a new rule of law or modifying an existing rule be published. (Rule 976(b).) They permit any member of the public to request the Court of Appeal to publish an opinion, and, if the request is denied, require the Supreme Court to rule thereon. (Rule 978.) In short, the rules assure that all citizens have access to legal precedent, while recognizing the litigation fact of life expressed in [*James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991)] that most opinions do not change the law.

*Id.* at 710-11.

Judge Henderson found that the current rules retain all of the protections described by the *Schmier* court "and ensure that cases articulating new rules are published, and that new rules are not, as Plaintiff claims, applied only to certain litigants." *Hild*, 2008 WL 5444469, at *3. Judge Henderson also found that if unpublished cases do in fact apply a new rule (and therefore should have been published), "it is because the Court of Appeal misapplied the publication criteria – an argument to be raised on direct appeal, and not in a challenge to the citation rule." *Id.* The Court agrees with *Hild* and *Schmier* and finds that plaintiffs' "selective prospectivity" challenge fails.

Finally, to the extent that plaintiffs contend that Rule 8.111 deprived them of the same right of judicial review by the California Supreme Court available to litigants whose cases have been decided by published opinions, plaintiffs lack standing to assert such a claim. The complaint sets forth the procedural history of *Lamperti I*, *II*, and *III*: in all three cases the California Supreme Court denied review before the instant complaint was filed. Thus, plaintiffs have failed to allege an injury that is redressable. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821-22 (9th Cir.

---

[5] As noted earlier, plaintiffs' complaint states that their "selective prospectivity" claim is "based in part" on the *Hild* complaint. Complaint ¶ 7.

8

2002) (plaintiff lacked standing because he "failed to allege any action by the Ninth Circuit that has immediately and personally subjected him to sanctions or has adversely affected one or more of Schmier's clients in a Ninth Circuit litigation); *cf. Hild*, 2008 WL 544469, at *4-7 (finding plaintiff had standing to raise same claim as alleged here because at time complaint was filed, petition for review was pending before the California Supreme Court, but holding that case was moot because Supreme Court had denied review after filing of complaint).

After review of the parties' papers, the Court concludes that leave to amend would be futile. Plaintiffs do not request leave to amend, and their opposition only defends and reiterates all of the deficiencies noted above. Further, the Court notes that plaintiff McKray is a practicing attorney and active member of the State Bar. The Court cannot envision any alterations that plaintiffs could make to the complaint to state a claim. Accordingly, the Court GRANTS defendants' motion to dismiss WITHOUT LEAVE TO AMEND.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the complaint. (Docket No. 13).

**IT IS SO ORDERED.**

Dated: December 18, 2008

SUSAN ILLSTON
United States District Judge